[Cite as *State v. Martin*, 2022-Ohio-1884.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21CA0084 |
| | : | |
| CODY MARTIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking Municipal Court,
                                                         Case No. 21TRD07884

JUDGMENT:                                         AFFIRMED

DATE OF JUDGMENT ENTRY:          June 3, 2022

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

J. MICHAEL KING                                CODY MARTIN, PRO SE
ASSISTANT LAW DIRECTOR               7102 Town Market Lane W.
CITY OF NEWARK                              Apt. 201
40 West Main St., Fourth Floor             New Albany, OH 43054
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Cody Martin appeals from the September 8, 2021 judgment entry of conviction upon one count of speeding in the Licking Municipal Court. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on September 2, 2021, when appellant was cited for speeding in the city of Newark. The facts underlying the speeding allegation are contained in a "Citation Statement of Fact" prepared by Officer Carles of the Newark Police Department dated September 3, 2021:

> * * * *.

> On [September 2, 2021 at 20:29] I was sitting stationary in marked cruiser 21 on SR 16 WB when I observed listed vehicle traveling WB on SR 16 at a high rate of speed. I estimated the speed of the vehicle at 85 MPH. I obtained three speed clocking's of 82, 84, and 84 MPH at 1005.8 feet (*sic*). A traffic stop was conducted and I made contact with the driver who was identified as [appellant]. I advised [appellant] the reason he had been stopped and what the speed limit on SR 16 is. He was then issued a citation for this speeding violation and was released without further incident.

> I conducted a calibration check on my LTI 20-20 Laser at the start of my shift. External and Internal calibration checks were successful.

> Laser SN# UX016642.

* * * *.

{¶3} The record reflects that appellant was charged by Uniform Traffic Ticket with one count of speeding [84 in 55 zone] pursuant to Newark Ordinance 434.03. Appellant was summonsed to appear in Licking County Municipal Court on September 8, 2021.

{¶4}  Appellant appeared on his arraignment date and entered a plea of not guilty. The matter was scheduled for bench trial on September 28, 2021.

{¶5} On September 10, 2021, appellant filed a pro se "motion for complete discovery."

*First written motion to continue granted*

{¶6}  On September 15, 2021, appellant filed a pro se motion to continue the trial date of September 28, stating he "will not be able to make the bench trial date * * * due to prior commitments."  On September 16, 2021, the trial court journalized a Court Order scheduling a bench trial for October 11, 2021.

{¶7}  On September 23, 2021,  appellee responded to appellant's discovery demand.

{¶8} On September 28, 2021, appellant filed a pro se demand for additional discovery, requesting "the audio and video from the dash camera of Officer Steven Carles cruiser from September 2 2021 pertaining to case number 21TRD07884."

*Second written motion to continue denied*

{¶9} On October 1, 2021, appellant filed a pro se motion for continuance stating the following: "Because I found out that this will negatively impact my employment I am forced to seek out legal counsel and advice so this does not impact my future and my

standard of living.  I would like to ask for a continuance for this case so I am fully informed and I have an opportunity to obtain legal counsel and representation."

{¶10} A handwritten note on the motion to continue states, "Denied," signed by Michael T. Brandt, Ret. Judge, Sitting by Assignment.

*Third written motion to continue denied*

{¶11} Appellant filed another pro se motion to continue on October 6, 2021, this one stating: "The defendant, [appellant], is requesting a motion for continuance for a witness to come in and testify for this case. The defendants operation manager is not available at the time and date currently scheduled for the hearing.  This party a detrimental part to the defendants defense."  (*Sic* throughout.)

{¶12} A handwritten note on the motion to continue states, "Denied," signed by Michael T. Brandt, Ret. Judge, Sitting by Assignment.

{¶13} A trial evidently took place on October 12, 2021, and appellant was found guilty by the trial court; a transcript of the trial is not in the record before us. A signed judgment entry from that date notes appellant was found guilty, fined $64.00, and given 60 days to pay fines and court costs.

*Appellate procedural history: motion to supplement record denied*

{¶14} Appellant filed a notice of appeal from his conviction and sentence on October 21, 2021.

{¶15} On November 23, 2021, a "Notification of Filing of Record" was filed by the Licking County Clerk of Court, noting a transcript of proceedings was not filed with the record.

{¶16} On December 13, 2021, appellant filed a pro se motion to file brief instanter. We granted the motion on January 14, 2022. Appellant's brief was also filed on that date.

{¶17} Appellee filed its brief on January 28, 2022, noting, e.g., appellant failed to file a transcript of the bench trial.

{¶18} Appellant filed a reply brief on February 9, 2022.

{¶19} On February 10, 2022, appellant filed a motion before this Court to supplement the record with the transcript of the proceedings. We overruled the motion on March 10, 2022, finding no indication a transcript was ordered or prepared, and appellant's motion to supplement the record did not contain a certificate of service.

{¶20} Appellant now raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶21} "LICKING COUNTY MUNICIPAL COURT KNOWINGLY WRECKLESSLY VIOLATED MR MARTINS CONSTITUTIONAL AND STATE RIGHTS BY NOT ALLOWING HIM TO OBTAIN COUNSEL OR LEGAL CONSULTATION. THEY ALSO WOULD NOT ALLOW HIM TO HAVE A DETRIMENTAL PART OF HIS DEFENSE TO HAVE AN OPPORTUNITY TO SHOW UP. ALLOWING ONLY 6 DAYS OF NOTICE WHICH IS LESS THAN A WEEKS NOTICE FOR A PERSON TO CLEAR THEIR SCHEDULE." (*sic* throughout.)

**ANALYSIS**

{¶22} In his sole assignment of error, appellant argues the trial court should have continued the bench trial because he wanted to consult legal counsel and to call a witness on his behalf. We disagree.

{¶23} We begin by noting appellant filed three written motions to continue before the trial; the first motion was granted and the latter two were denied. The case proceeded to trial, but whether appellant renewed his motions to continue, or objected to the trial court's decision overruling the motions, is unknown because we have no transcript. Appellee states no objection was raised until after the trial began. Appellee's Brief, 1. The basis for any such objection, and the trial court's ruling, are not in the record.

{¶24} In reviewing assigned errors on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶25} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶26} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶27} Appellant has not provided a transcript of the bench trial which began on October 11, 2021. Without a transcript, we must presume the regularity of the trial court's proceeding on the motion to continue. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2. Appellant argues a motion to continue should have been granted because

he sought a witness to testify about the impact of a speeding conviction upon his employment. Without a transcript of the trial, we are unable to evaluate what relevance, if any, such evidence would have to the proceedings below.

{¶28} For the sake of argument, even if we evaluate the trial court's denial of a continuance upon the merits, appellant's arguments are not well-taken. We review a trial court's decision to deny a request for a continuance for abuse of discretion. *State v. Dinger*, 5th Dist. Stark No. 2020CA00177, 2022-Ohio-608, ¶ 28, citing *Hamad v. Hamad*, 10th Dist. No. 12AP-617, 2013-Ohio-2212, 2013 WL 2394974, ¶ 13, internal citation omitted. "[A]buse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶29} When examining a trial court's denial of a motion for a continuance, a reviewing court "must weigh any potential prejudice to the defendant against a court's right to control its own docket and the public's interest in the efficient dispatch of justice." *Dinger*, supra, 2022-Ohio-608 at ¶ 29, citing *State v. Woods*, 10th Dist. Franklin No. 09AP-667, 2010-Ohio-1586, 2010 WL 1408317, ¶ 24. Factors to consider when reviewing a motion for a continuance include, but are not limited to, the following: "the length of delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.' " *Id.*

{¶30} In the instant case, we find the trial court did not abuse its discretion in denying appellant's third motion to continue. The motion to continue was made at trial. As noted supra, we do not have the benefit of the trial transcript, but appellant submitted written motions to continue before the trial date which were denied. There is no evidence in the record what steps, if any, appellant took to obtain counsel. Appellant also claimed a witness was unavailable; based upon the statement of facts as to how the speeding offense occurred, it is not apparent to us how a witness could have shed further light on this matter, and appellant does not explain how the unavailability of the witness prejudiced him.

{¶31} We conclude the trial court did not abuse its discretion on overruling the motion to continue. Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶32} Appellant's sole assignment of error is overruled and the judgment of the Licking County Municipal Court is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.